# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRUMAN BUTLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-414-WBV-DPC** |
| **PROGRESSIVE SECURITY INSURANCE COMPANY** | **SECTION: D (2)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand, filed by plaintiff, Truman Butler.[1] Defendant, United Financial Casualty Company, opposes the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion to Remand is **GRANTED** and this matter is hereby **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana.

## I.     FACTUAL AND PROCEDURAL HISTORY

### A.  Removal.

On or about February 27, 2020, Truman Butler filed a Petition for Damages in Orleans Civil District Court, Parish of Orleans, State of Louisiana, against Progressive Security Insurance Company ("Progressive").[3] Plaintiff alleges that on or about March 6, 2019, he was involved in a hit-and-run accident while driving

---

[1] R. Doc. 17.
[2] R. Doc. 22.
[3] R. Doc. 1-1.  United Financial Casualty Company asserts in its Notice of Removal that, "because Mr. Butler was engaged in ride-sharing activity at the time of this accident, [Progressive] has no coverage due to a valid and enforceable ride-share exclusion, and United Financial Casualty Company, as the alleged UM insurer for Rasier, LLC, has applicable coverage in this matter."  R. Doc. 1 at ¶ 8 (*citing* R. Doc. 1-4).

westbound on Interstate 10 in New Orleans, Louisiana.[4]  Although Plaintiff makes no allegations against Progressive, Plaintiff alleges that, upon information and belief, the car owned and driven by him at the time of the accident "was insured by a policy of UM Insurance, bearing policy number 31161799, which was in effect at the time of the accident herein."[5]

Plaintiff further claims that he suffered painful and debilitating injuries as a result of the accident, which also caused physical damage to his vehicle.[6]  Plaintiff alleges that he suffered neck injuries, spinal injuries and head injuries, all of which "necessitate interventional pain management, conservative treatment modalities, diagnostic procedures and other treatment as set forth in the plaintiffs' [sic] medical and treatment records," as well as numbness in his extremities, dizziness, migraines, limited use and range in motion in the affected areas, pain in the affected areas, and sleep and appetite interruption.[7]  Plaintiff seeks damages for past, present and future physical pain and suffering; past, present and future mental pain; past, present and future medical expenses; past, present and future lost wages/lost income; past, present and future loss of enjoyment of life; physical disability; inconvenience; and loss of intellectual gratification and physical enjoyment.[8]  Plaintiff alleges that, "The damages under La. C.C.P. Art. 893 are being determined at this time, and will be provided upon additional discovery."[9]  Plaintiff did not request a jury trial.

---

[4] R. Doc. 1-1 at ¶ 2.
[5] *Id.* at ¶ 7.
[6] *Id.*
[7] *Id.* at ¶ 5.
[8] *Id.* at ¶ 6.
[9] *Id.* at ¶ 8.

On or about July 20, 2020, Plaintiff filed a First Amending and/or Supplemental Petition For Damages, naming United Financial Casualty Company ("United") as an additional defendant.[10]  On February 25, 2021, Plaintiff dismissed Progressive without prejudice in the state court proceeding.[11]

On February 25, 2021, United filed a Notice of Removal in this Court, asserting that this Court has subject matter jurisdiction over the case based upon 28 U.S.C. § 1332, diversity jurisdiction.[12]  United asserts that Butler is a citizen of Louisiana, United is a citizen of Ohio, and that United was sued in its capacity as uninsured/underinsured motorist carrier for Plaintiff.[13]  United also claims that it is facially apparent from the state court Petition that the amount in controversy likely exceeds $75,000 in this case.[14]  Specifically, United claims the amount in controversy is facially apparent from Plaintiff's allegations that he suffered "painful and debilitating injuries," including neck, spine and head injuries.[15]  United further asserts that removal was timely because the case became removable when Plaintiff's claims against Progressive were dismissed on February 25, 2021.[16]

After reviewing the Notice of Removal, the Court issued an Order *sua sponte* on March 2, 2021, stating that it was unclear whether United had satisfied its burden of proving that the amount in controversy exceeds $75,000 at the time of removal.[17]

---

[10] R. Doc. 1-9 at pp. 1-2.
[11] R. Doc. 1-12.
[12] R. Doc. 1 at ¶ 3.
[13] *Id*. at ¶¶ 4-6.
[14] *Id*. at ¶ 10.
[15] *Id*. (*quoting* R. Doc. 1-1) (internal quotation marks omitted).
[16] R. Doc. 1 at ¶¶ 7, 13.
[17] R. Doc. 8.

The Court pointed out that although Plaintiff seeks several categories of damages in the Petition, there is no indication of the amount in controversy related to his alleged damages.  Thus, the Court found that it is not facially apparent from Plaintiff's Petition or the Notice of Removal that Plaintiff's claims are likely to exceed $75,000 in this case.[18]  The Court gave United 10 days to file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a).  The Court also advised United that, "Once the Court has reviewed the supplemental memorandum, the Court will either allow the case to proceed if jurisdiction is present or take further action if jurisdiction is lacking."[19]

On March 10, 2021, pursuant to the Court's March 2, 2021 Order, United filed a Supplemental Memorandum Concerning Subject Matter Jurisdiction Under 28 U.S.C. § 1332(a) (the "First Supplemental Memorandum").[20]  United "adamantly avers" that it is facially apparent from the allegations in the state court Petition that Plaintiff's damages exceed $75,000 and that Plaintiff's medical treatment proves by a preponderance of the evidence that the amount in controversy exceeds $75,000.[21] United regurgitates Plaintiff's alleged injuries and damages asserted in the Petition, and asserts that the allegations are comparable to the allegations in the two Fifth Circuit cases cited in the Court's March 2, 2021 Order, which were sufficient to meet the amount in controversy requirement of § 1332.[22]   United then cites three

---

[18] *Id*. at p. 2.
[19] *Id*. at pp. 2-3.
[20] R. Doc. 11.
[21] *Id*. at p. 1.
[22] *Id*. at pp. 2-4 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)).

additional cases from this Court, where plaintiffs alleged "severe" or "serious" injuries, and sought several items of damages, to support its position that the amount in controversy is facially apparent from the Petition.[23]   United maintains that it is facially apparent that Plaintiff's damages are likely to exceed $75,000 because, like the plaintiff in *Gebbia v. Wal-Mart Stores, Inc.*, Butler seeks to recover medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, lost wages, and physical disability, as well as additional damages not sought in *Gebbia*, including inconvenience and loss of intellectual gratification and physical enjoyment.[24]

United further asserts that Plaintiff's medical treatment since the accident, including four orders for physical therapy regarding Plaintiff's lumbar and cervical spine and two orders for epidural steroid injections, shows by a preponderance of the evidence that the amount in controversy exceeds $75,000.[25]   United does not provide any information regarding Plaintiff's medical bills for this treatment.   United further asserts that Butler received "injections for pain on September 1, 2020 and December 10, 2020," and that, "the records indicate that Mr. Butler cannot have spinal surgery due to his heart condition, which Plaintiff will likely argue increases the value of the case."[26]

---

[23] R. Doc. 11 at pp. 4-6 (citing *Sylvester v. Dolgencorp, LLC*, Civ. A. No. 18-8613, 2019 WL 1110758, at *2 (E.D. La. Mar. 11, 2019); *Mitchell v. State Farm Mut. Automobile Ins. Co.*, Civ. A. No. 16-721, 2016 WL 3086163, at *3 (E.D. La. June 2, 2016); *Rucker v. Sears, Roebuck and Co.*, Civ. A. No. 12-1540, 2013 WL 486784, at *7 (E.D. La. Feb. 6, 2013)).
[24] R. Doc. 11 at p. 6 (citing *Gebbia*, 233 F.3d 880).
[25] R. Doc. 11 at pp. 6-7.
[26] *Id*. at p. 7.

After reviewing United's First Supplemental Memorandum, the Court issued a second Order on March 16, 2021, stating that it remains unclear to the Court whether Plaintiff's damages are likely to exceed $75,000.[27]  The Court pointed out that the cases cited by United in its First Supplemental Memorandum all involve allegations of permanent disability, which is not alleged in Plaintiff's Petition.[28]  The Court explained that, like in *Bryant v. Rosser*, Plaintiff's allegations are "fairly 'plain vanilla' and thus that it is not facially apparent that the amount in controversy requirement is satisfied."[29]  The Court further pointed out that while United relies on the fact that Plaintiff has incurred medical expenses to treat his neck, back and hip injuries, United provided no information regarding the amount of those expenses.[30]  Finally, the Court noted that United does not allege that Plaintiff has been recommended for surgery, but states, in passing, that Plaintiff could not have spinal surgery due to a heart condition.[31]  The Court gave United 7 days to file another memorandum with supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a), including the amount of medical expenses incurred as of the date of removal and any future recommended medical treatment, including any surgery recommendation.[32]  The Court again advised United that, "Once the Court has reviewed the supplemental memorandum, the Court will either

---

[27] R. Doc. 15.
[28] *Id.* at p. 2.
[29] *Id.* (quoting *Bryant*, Civ. A. No. 13-6125, 2014 WL 37917, at *3 (E.D. La. Feb. 3, 2014)).
[30] R. Doc. 15 at p. 2 (*citing* R. Doc. 11 at pp. 6-7).
[31] R. Doc. 15 at p. 2 (*quoting* R. Doc. 11 at p. 7).
[32] R. Doc. 15 at p. 3.

allow the case to proceed if jurisdiction is present or take further action if jurisdiction is lacking.[33]

The following day, March 17, 2021, Plaintiff filed the instant Motion to Remand, which will be discussed in detail later in this Order.[34]  On March 23, 2021, United timely filed a Second Supplemental Memorandum Concerning Subject Matter Jurisdiction Under 28 U.S.C. § 1332(a) (the "Second Supplemental Memorandum").[35] In its Second Supplemental Memorandum, United "reavers and realleges" all allegations in its Notice of Removal and First Supplemental Memorandum and "adamantly avers" that it is facially apparent from Plaintiff's Petition that the amount in controversy exceeds $75,000, and that Plaintiff's medical treatment proves by a preponderance of the evidence that the amount in controversy is met.[36]  United asserts that it has faced an uphill battle in its defense since the inception of this case, due to a lack of communication and cooperation regarding written discovery from Plaintiff's counsel.[37]  United claims that after several motions to compel, it received written responses to interrogatories on January 4, 2021, which "was the first shred of information Defendant had regarding Plaintiff's claimed injuries and treatment, other than what was plead in the Petition for Damages."[38]  United likewise asserts that Plaintiff provided responses to requests for admission on January 27, 2021, which did not include any medical records.  United complains that it has not received

---

[33] *Id.*
[34] R. Doc. 17.
[35] R. Doc. 20.
[36] *Id.* at pp. 1-2.
[37] *Id.* at p. 2.
[38] *Id.*

any medical records from Plaintiff and has been forced to obtain them directly from providers through subpoenas.[39]   United contends that Plaintiff's counsel's refusal to participate in basic discovery "has unduly delayed this matter and put Defendant's back against the wall as it relates to the filing of its Notice of Removal."[40]   United claims that if the case is remanded and Plaintiff refuses to stipulate that his damages are less than $75,000, United "will have no choice" but to remove the matter again upon receipt of the complete medical records and argue that removal is warranted past the one-year mark because Plaintiff has acted in bad faith.[41]

United maintains that it is facially apparent from the Petition that Plaintiff's damages exceed $75,000, and United distinguishes the *Bryant* case cited by the Court because it involved a stipulation by the plaintiffs that they were not seeking more than $75,000.[42]   United notes that although Plaintiff has not alleged permanent disability in the Petition, he does allege physical disability, which United seems to imply is sufficient.[43]   United further asserts that Plaintiff has treated with Southern Orthopaedic Specialists since the accident, and attached a 100-page exhibit of Plaintiff's medical records, which are cited "*in globo*."[44]   United provides a short summary of Plaintiff's treatment, including four orders for physical therapy related

---

[39] *Id*.
[40] *Id*.
[41] *Id*. at pp. 2-3 (*citing* 28 U.S.C. § 1446(c)).  While it would be inappropriate for the Court to comment on this statement, the Court notes that counsel has a remedy to address an alleged failure of opposing counsel to engage in discovery.  The Court also reminds Plaintiff's Counsel of his obligations of professionalism as well as adherence to the Federal Rules of Civil Procedure.
[42] R. Doc. 20 at p.3 (citing *Bryant v. Rosser*, Civ. A. No. 13-6125, 2014 WL 379147, at *4 (E.D. La. Feb. 3, 2014)).
[43] R. Doc. 20 at pp. 3-4.
[44] *Id*. (*citing* R. Doc. 20-1).

to his cervical spine and lumbar spine in March, April, May and October of 2019, a referral and order for epidural steroid injections, and asserts that Plaintiff received two steroid injections on September 1, 2020 and December 10, 2020.[45] Regarding a surgical recommendation, United claims that "it is apparent from the records" that while Plaintiff may be a candidate for lumbar surgery due to his pathology and symptoms, he is not a candidate due to his heart condition.[46] United further asserts that it has no medical or billing records for Plaintiff's post-accident treatment, so it cannot provide the Court with the total amount of medical expenses incurred to date.[47]

On March 24, 2021, the Court issued an Order stating that its March 16, 2021 Order, requesting additional supplemental briefing, had been satisfied in light of United's Second Supplemental Memorandum and defense counsel's representation that United will address the amount in controversy in its opposition to the Motion to Remand.[48]

### B. The Motion to Remand

On March 17, 2021, Plaintiff filed a brief, two-page Motion to Remand, with a three-page Memorandum in Support attached, asserting that the Court lacks subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy does not exceed $75,000.[49] Plaintiff asserts that United has not provided

---

[45] R. Doc. 20 at pp. 4-5.
[46] *Id.* at p. 5.
[47] *Id.*
[48] R. Doc. 21.
[49] R. Doc. 17 at p. 1.  Plaintiff does not dispute that the parties are diverse.  *Id.*

any competent evidence that his claims exceed the Court's threshold of $75,000. The Memorandum in Support of the Motion provides a short analysis of diversity of citizenship,[50] and the following one-sentence analysis of the amount in controversy: "Distinguished from *Gebbia* it is not facially apparent the Plaintiff's claims exceed $75,000 as such this matter should be remanded to the lower court."[51] Plaintiff asserts that he has cooperated with United to provide the information needed to evaluate this case.[52] Plaintiff argues that removal of this case was improper and that the case should be remanded back to state court for lack of subject matter jurisdiction.[53]

United opposes the Motion, asserting that it is clear from Plaintiff's state court Petition, Plaintiff's discovery responses, and Plaintiff's medical records that the amount in controversy is satisfied in this case and that removal was appropriate under 28 U.S.C. § 1332.[54] United maintains that it is facially apparent from the allegations in Plaintiff's Petition, including Plaintiff's alleged injuries and the categories of damages sought, that the amount in controversy exceeds $75,000.[55] United relies on the same jurisprudence cited in support of its position in its First Supplemental Memorandum, and refers to the fact that its Second Supplemental Memorandum noted that there has been no stipulation by Plaintiff or his attorney

---

[50] The Court notes that Plaintiff asserts, "In the present case, Plaintiff, Amanda Torres is domiciled and a citizen of Louisiana." R. Doc. 17-1 at p. 1. This appears to be an error, as the Introductory Paragraph of the Memorandum in Support references Truman Butler as the plaintiff.
[51] *Id*. at p. 2.
[52] *Id*.
[53] *Id*. at pp. 2-3.
[54] R. Doc. 22.
[55] *Id*. at pp. 2-3.

that they are not seeking more than $75,000.[56]   With respect to Plaintiff's medical records, United raises the same arguments as in its Second Supplemental Memorandum, namely that Plaintiff is still treating with an orthopedic surgeon and was recommended for physical therapy, received orders for two rounds of lumbar epidural steroid injections and received two steroid injections.[57]   United claims that in response to interrogatories, Plaintiff claims he is still treating with an orthopedist and that he sustained "at minimum spinal injuries with neurological complications."[58]

United then dedicates the remainder (and majority) of its Opposition brief to outlining the actions taken by Plaintiff's counsel to thwart the discovery process and unduly delay this matter.[59]   Although some of the information was included in United's Second Supplemental Memorandum, United includes a detailed timeline of the communications between its counsel and Plaintiff's counsel, as well as Plaintiff's failure to respond to such correspondence or written discovery propounded by United. Based on that timeline, United asserts that it is misleading and inaccurate for Plaintiff to assert that he has cooperated with United to provide information in this case.[60]   United further asserts that as of the date of its Opposition brief, it does not have any billing records for Plaintiff's post-accident treatment, as Plaintiff's counsel

---

[56] *Id*. at pp. 3-4 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Sylvester v. Dolgencorp, LLC*, Civ. A. No. 18-8613, 2019 WL 1110758, at *2 (E.D. La. Mar. 11, 2019); *Mitchell v. State Farm Mut. Automobile Ins. Co.*, Civ. A. No. 16-721, 2016 WL 3086163, at *3 (E.D. La. June 2, 2016); *Rucker v. Sears, Roebuck and Co.*, Civ. A. No. 12-1540, 2013 WL 486784, at *7 (E.D. La. Feb. 6, 2013); *Bryant v. Rosser*, Civ. A. No. 13-6125, 2014 WL 379147, at *4 (E.D. La. Feb. 3, 2014)).
[57] R. Doc. 22 at p. 4.
[58] *Id*. (*quoting* R. Doc. 22-1) (internal quotation marks omitted).
[59] R. Doc. 22 at pp. 5-11.  Also, see footnote 41, *infra*.
[60] R. Doc. 22 at p. 10.

has not provided the records to United.[61]  Based on the foregoing, United asserts that it has shown that Plaintiff's damages exceed $75,000 and that removal was proper.

## II.   LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[62]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[63]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[64]  Remand is proper if at any time the court lacks subject matter jurisdiction.[65]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[66]  The removing party has the burden of proving federal diversity jurisdiction.[67]  If a defendant meets that burden, the plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to obtain a remand.[68]

In Louisiana courts, plaintiffs may not specify the numerical value of a claim for damages and may receive relief not requested in the pleadings.[69]  As such, a

---

[61] *Id.* at p. 11.
[62] 28 U.S.C. § 1441(a).
[63] 28 U.S.C. § 1332(a)-(a)(1).
[64] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[65] *See,* 28 U.S.C. § 1447(c).
[66] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[67] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[68] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[69] *Lottinger v. State Farm Fire and Cas. Co.*, Civ. A. No. 13-6193, 2014 WL 4403440, at *2 (E.D. La. Sept. 5, 2014) (*citing* La. Code Civ. P. arts. 893 & 862).

defendant seeking removal from Louisiana state court to federal court must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[70] According to the Fifth Circuit, a defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000; or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.[71]   If it is not "facially apparent" that a plaintiff's claims exceed the jurisdictional threshold, the court may rely on summary-judgment-type evidence to ascertain the amount in controversy.[72]

## III.   ANALYSIS

Because Plaintiff's state court Petition does not allege a specific amount of damages, United must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in this case.   The Court looks first to the face of the Petition to determine whether the amount in controversy is facially apparent.   In the Petition, Plaintiff alleges that he suffered head, neck and spine injuries, but provides no information concerning the nature or extent of those injuries.[73]   Plaintiff also seeks several categories of damages, including past, present and future physical pain and suffering; past, present and future mental pain; past, present and future medical expenses; past, present and future lost wages/lost income; past, present and future

---

[70] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[71] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (internal quotation marks omitted).

[72] *Lottinger*, Civ. A. No. 13-6193, 2014 WL 4403440 at *2 (quoting *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003)) (internal quotation marks omitted).

[73] R. Doc. 1-1 at ¶ 5.

loss of enjoyment of life; physical disability; inconvenience; and loss of intellectual gratification and physical enjoyment.[74]   As stated in our March 2, 2021 Order, however, the Petition gives no indication of the amount in controversy related to his alleged damages.[75]   It is well-settled in this Circuit that pleading general categories of damages, such as pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc., without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the facially apparent test.[76]   Additionally, and as the Court pointed out in its March 16, 2021 Order, all of the cases relied upon by United to support its facially apparent argument involve allegations of "permanent disability," which is not alleged in Plaintiff's Petition.[77] The Court further points out that Plaintiff did not allege that his injuries have required or likely will require surgery, nor did Plaintiff request a trial by jury, which requires the claim to be for at least $50,000.

---

[74] *Id.* at ¶¶ 5-6.

[75] R. Doc. 8 at p. 2.

[76] *Dunomes v. Trinity Marine Products, Inc.*, Civ. A. No. 14-1968, 2014 WL 7240158 (E.D. La. Dec. 19, 2014) (citing authority).

[77] R. Doc. 15 at p. 2; *See, Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Sylvester v. Dolgencorp, LLC*, Civ. A. No. 18-8613, 2019 WL 1110758, at *2 (E.D. La. Mar. 11, 2019) (plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish, emotional distress, permanent disability, loss of enjoyment of life and lost wages and diminished economic horizons); *Mitchell v. State Farm Mut. Automobile Ins. Co.*, Civ. A. No. 16-721, 2016 WL 3086163, at *3 (E.D. La. June 2, 2016) (plaintiff sought damages for past and future physical pain and suffering; past, present and future mental pain and suffering; past, present, and future medical expenses; loss of past and future earnings; loss of future earning capacity; past and future loss of enjoyment of life; permanent disability to the body; loss of consortium; and penalties and attorney's fees); *Rucker v. Sears, Roebuck and Co.*, Civ. A. No. 12-1540, 2013 WL 486784, at *7 (E.D. La. Feb. 6, 2013) (plaintiff sought damages for mental anguish, mental stress, medical expenses, inconvenience, permanent scar, permanent disability, permanent loss of use requirement [sic] and hand laceration, diminished life stye and past and future pain and suffering).

The Court further finds *Bryant v. Rosser*, a decision from another Section of this Court, instructive on this issue.[78] That case involved a plaintiff who alleged that she suffered a herniated disc and several soft tissue injuries as a result of a car accident and sought damages for "past and future medical expenses, pain and suffering, disability, lost wages, loss of earning capacity, and emotional distress."[79] The *Bryant* court concluded that "plaintiffs' allegations are fairly 'plain vanilla' and thus that it is not facially apparent that the amount in controversy requirement is satisfied."[80] Although the plaintiffs in *Bryant* stipulated that they were not seeking more than $75,000, the Court considered the stipulation as part of its analysis, but did not base its analysis solely on the stipulation, as United seems to imply. The *Bryant* court further found that in a similar case, *Williams v. Dargins,* the Court held that a complaint seeking damages arising from a car accident did not facially satisfy the jurisdictional threshold, even though the plaintiff alleged that he experienced

---

[78] Civ. A. No. 13-6125, 2014 WL 379147 (E.D. La. Feb. 3, 2014) (Vance, J.).

[79] Civ. A. No. 13-6125, 2014 WL 379147 at *3.

[80] *Id.* (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850–51 (5th Cir. 1999) (not facially apparent that amount in controversy requirement was satisfied when complaint alleged damages for "an injured shoulder, bruises, and abrasions," unidentified medical expenses, and loss of consortium); *Jupiter v. Lowe's Home Ctrs., Inc.,* Civ. A. No. 12–895, 2012 WL 2878639, at *2 (E.D. La. July 13, 2012) (complaint containing "vanilla" allegations that plaintiff had suffered knee injuries and sought damages for "loss of enjoyment of life; physical disability, pain and suffering; past and future mental pain and suffering; disruption of bodily tissues and cells; and past, present, and future medical expenses" insufficient to put defendant on notice that amount in controversy exceeded $75,000); *Heaverlo v. Victoria's Secret Stores,* Civ. A. No. 07–7303, 2008 WL 425575, at *2–3 (E.D. La. Feb. 8, 2008) (not facially apparent that jurisdictional threshold was satisfied when complaint alleged that defendants in slip-and-fall case were "liable for past and future 'physical pain and suffering, mental and emotional pain and suffering, loss of enjoyment of life, permanent physical disability and disfigurement, loss of consortium, inconvenience, expenses, statutory and legal interest, court costs and attorney fees'"); *Bonck v. Marriot Hotels, Inc.,* Civ. A. No. 02–2740, 2002 WL 31890932, at *2–3 (E.D. La. Dec. 20, 2002); *Jeffcoats v. Rite–Aid Pharmacy,* Civ. A. No. 01–764, 2001 WL 1561803, at *2–3 (E.D. La. Dec. 6, 2001); *Seaman v. Tetra Applied Techs., Inc.,* Civ. A. No. 99–3811, 2000 WL 222851, at *2 (E.D. La. Feb. 18, 2000)).

neck and back injuries and torn medial and lateral menisci in his knee.[81]  The Court notes that, like Plaintiff, the plaintiffs in *Williams* alleged that they suffered "severe and painful personal injuries to their back, neck, head and other parts of their mind and body."[82]

Based on the foregoing, the Court finds that United has failed to show that it is facially apparent from Plaintiff's state court Petition that Plaintiff's damages exceed $75,000.

The Court further finds that United has failed to submit sufficient evidence to show that Plaintiff's damages exceed $75,000 in this case.  United claims that Plaintiff's medical treatment since the accident establishes that the amount in controversy is met.  Specifically, United asserts that Plaintiff continues to treat with an orthopedic surgeon and that as of December 2020, "The latest appointment which Defendant has record of," Plaintiff has treated for 21 months for pain.[83]  According to United's own summary of Plaintiff's medical treatment, however, Plaintiff's treatment has consisted of prescription medication, four orders for physical therapy and two epidural steroid injections, the last of which was on December 10, 2020.[84]  United does not allege that Plaintiff has been recommended for surgery, nor does United provide any information regarding Plaintiff's current prognosis or future recommended treatment.  United has not directed the Court to any legal authority

---

[81] *Bryant*, Civ. A. No. 13-6125, 2014 WL 379147 at *3 (citing *Williams v. Dargins*, Civ. A. No. 99-0019, 1999 WL 16431, at *2-3 (E.D. La. Mar. 22, 1999)).
[82] *Dargins*, Civ. A. No. 99-0019, 1999 WL 16431 at *2.
[83] R. Doc. 22 at p. 4.
[84] R. Doc. 20 at p. 4.

indicating that such minimal medical treatment approaches, much less exceeds, the $75,000 threshold requirement for jurisdiction. Moreover, United did not have any billing records for Plaintiff's post-accident treatment as of the date it filed its Opposition brief.[85] Although United relies on Plaintiff's discovery responses, in which Plaintiff asserts that he is still treating and that he has sustained "spinal injuries with neurological complications," that information does little to bolster United's argument, especially in light of the lack of information regarding Plaintiff's current prognosis and future treatment recommendations. While defense counsel complains that Plaintiff's counsel has refused to participate in the written discovery process of this case, such disputes between counsel are not relevant to whether United has provided, by a preponderance of the evidence, that the amount in dispute exceeds $75,000. Further, it is evident to the Court that defense counsel is aware that such disputes may be relevant to a future removal under 28 U.S.C. § 1446(c).[86]

Because the removal statute is strictly construed and any doubt as to the propriety of removal must be resolved in favor of remand, the Court finds that United has not satisfied its burden to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 in this case, exclusive of interest and costs. Thus, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and remand is required.

---

[85] R. Doc. 22 at p. 11. The Court again refers counsel to footnote 41.
[86] R. Doc. 20 at pp. 2-3; R. Doc. 22 at p. 11.

IV.     **CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED.**  This matter is hereby **REMANDED** to Civil District Court, for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, May 17, 2021.

**WENDY B. VITTER**
**United States District Judge**

18